NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3423


CLINT G. KIEFFER,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.


Denis P. McAllister, of Glen Cove, New York, for petitioner.

Michael A. Carney, Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were B. Chad Bungard, General Counsel, Rosa M. Koppel, Deputy General Counsel, and Sara B. Rearden, Acting Associate General Counsel.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3423

CLINT G. KIEFFER,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in SE0752030320-C-1.

————————————————

DECIDED:  February 7, 2008

————————————————

Before RADER and LINN, <u>Circuit Judges</u>, and WOLLE, <u>Senior District Judge</u>.[*]

PER CURIAM.

     The Merit Systems Protection Board dismissed Clint G. Kieffer's petition for enforcement of a settlement agreement as not filed within a reasonable time. <u>Kieffer v. Department of the Interior</u>, MSPB Docket No. SE-0752-03-0320-C-1 (Initial Decision, February 27, 2006; Final Decision, July 13, 2006).  Mr. Kieffer waited nine months from the date of the first alleged breach, and six to nine months from the date of the second alleged breach, to file his petition.  Because the Board's decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, this court <u>affirms</u>.

———————————————

[*]  Honorable Charles R. Wolle, Senior District Judge, United States District Court for the Southern District of Iowa, sitting by designation.

## BACKGROUND

Mr. Kieffer is a former police officer with the Bureau of Indian Affairs ("BIA"). On August 8, 2002, the BIA proposed to remove Mr. Kieffer from his position, citing unauthorized entry into a private vehicle, taking of another person's property without authorization, conversion of said property, and dereliction of duty for failing to safeguard evidence in violation of the BIA Law Enforcement Handbook. On May 5, 2003, the BIA issued a decision letter that sustained the charges but mitigated the proposed removal to a 60-day suspension. Mr. Kieffer filed an appeal with the Board. On July 11, 2003, the parties entered a settlement agreement to resolve "all issues and controversies" relating to Mr. Kieffer's appeal. Under the agreement, Mr. Kieffer dropped his appeal and the BIA replaced the May 5, 2003 decision letter. The new decision letter suspended Mr. Kieffer for 60 days on lesser charges. The settlement agreement contained a confidentiality provision to keep information related to Mr. Kieffer's appeal and settlement agreement confidential.

In late 2003, the BIA sent a copy of the new decision letter to the U.S. Attorney's Office, asking the Office whether it would use Mr. Kieffer in future federal court proceedings. Under Giglio v. United States, 405 U.S. 150 (1972), investigative agencies must turn over to prosecutors evidence that could be used to impeach agents involved in a case. The prosecutor exercises discretion to determine disclosure of the impeachment evidence to the defense. AUSA Thomas Rice informed the BIA that the U.S. Attorney's Office would not be able to use Mr. Kieffer because the actions documented in Mr. Kieffer's personnel

folder would need to be disclosed to defense counsel. This disclosure would undermine Mr. Kieffer's credibility as a testifying witness.

On June 16, 2004, the BIA sent Mr. Kieffer an official notice of proposed removal based on a charge of inability to fulfill an essential function of his position, specifically the provision of testimony in the federal court system. The official notice suggested that the BIA had given the U.S. Attorney's Office a copy of Mr. Kieffer's personnel file, including the new decision letter. Mr. Kieffer responded to the letter, arguing collateral estoppel precluded removal. On September 14, 2004, the BIA notified Mr. Kieffer and his attorney that it disagreed, again citing as support for its decision that the U.S. Attorney's Office had reviewed Mr. Kieffer's personnel file. On March 5, 2005, the BIA removed Mr. Kieffer from his position. On March 28, 2005, Mr. Kieffer filed an appeal of the removal. Three months later, Mr. Kieffer withdrew the appeal, and on July 20, 2005, he filed a petition to enforce the settlement agreement. Mr. Kieffer alleged that the BIA breached the agreement because "it proposed and sustained the removal" and because it "communicated the contents of the decision letter with the U.S. Attorney's Office."

The Administrative Law Judge ordered Mr. Kieffer to show cause for his delay in filing the petition for enforcement. After considering Mr. Kieffer's evidence and argument, the Administrative Judge dismissed the petition for enforcement as not filed within a reasonable time. The Administrative Judge found that the June 16, 2004 removal notice showed that the issues involved in his 60-day suspension were not "resolved." Therefore, a nine-month delay in

filing the petition was not reasonable. The Administrative Judge also found that Mr. Kieffer had notice of the alleged breach of the confidentiality provision six to nine months before he filed his appeal. The MSPB denied a petition for review. Mr. Kieffer timely petitioned for review in this court, which has jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

This court reviews the Board's decision to ensure that it is not (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); Briggs v. Merit Systems Protection Board, 331 F.3d 1307, 1311 (Fed. Cir. 2003). The interpretation of a settlement agreement is a matter of law, which this court reviews without deference. King v. Department of the Navy, 130 F.3d 1031, 1033 (Fed. Cir. 1997).

Unless the contract provides a time limit within which the parties must bring an enforcement action, a petition for enforcement must be filed "within a reasonable time of the date of the alleged breach of the agreement, taking into consideration the petitioning party's knowledge of the alleged breach." Poett v. Merit Systems Protection Board, 360 F.3d 1377, 1380-81 (Fed. Cir. 2004) (citation omitted). This court requires "actual knowledge" to trigger the time limit to file a petition for enforcement. Id. at 1384. The reasonableness of a delay depends on the circumstances of each case. See Kasarsky v. Merit Sys. Prot. Bd., 296 F.3d 1331, 1335 (Fed. Cir. 2002).

Mr. Kieffer asserts that he filed his petition for enforcement within a reasonable time. According to Mr. Kieffer, he did not have actual knowledge until March 5, 2005, the effective date of his removal. Before that date, the BIA's actions were merely anticipatory and did not violate the terms of the settlement agreement. In particular, the June 16, 2004, proposal letter was an anticipatory breach because the BIA could have decided not to sustain the removal action. And a mere threat of a breach is not sufficient to trigger the Petitioner's obligation to timely file a petition for enforcement. Thus, according to Mr. Kieffer, four months passed between the date on which he had actual knowledge of the alleged breach and the date on which he filed his petition. Mr. Kieffer argues that his pursuit of an appeal of the removal justified the four-month delay. Further, between the date of the proposal letter and the date on which he filed the petition, Mr. Kieffer informally attempted to dissuade the BIA from taking final action, specifically in a letter dated September 29, 2004.

Mr. Kieffer also urges this court to consider a new factor in evaluating the reasonableness in a delay in bringing an enforcement action. He cites language from this court's opinion in Poett, which discussed the doctrine of laches in its reasonableness analysis. Mr. Kieffer suggests that this discussion makes a delay reasonable unless it prejudices the opposing party. Because the BIA knew that Mr. Kieffer was appealing the removal during the four months between the effective date of his removal and his filing the petition for enforcement, he argues that the BIA could not have been prejudiced. However, Mr. Kieffer suggests that had he explored an alternative administrative remedy

during that time, as opposed to appealing to the Board, the four-month delay may have been unreasonable.

Mr. Kieffer does not show that the Board's decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. The Board based its conclusion on two clocks, each triggered by a different alleged breach of the settlement agreement.

First, the Board concluded that the June 16, 2004 notice of proposed removal provided the first alleged breach, because the document informed him that the issues related to his 60-day suspension were not resolved. This first alleged breach was not anticipatory because it allegedly violated the first paragraph of the settlement agreement, which purports to resolve "all issues and controversies relating to" Mr. Kieffer's suspension appeal. The notice of proposed removal reignited a controversy between the parties concerning issues related to Mr. Kieffer's prior misconduct because the BIA's decision that Mr. Kieffer could no longer perform the essential functions of his position was based on the U.S. Attorney's Office's advice. Thus, the notice of proposed removal amounts to the alleged contractual nonperformance. In his petition for enforcement, Mr. Kieffer effectively agreed, stating that the BIA "is in breach . . . in that it proposed and sustained the removal . . . ." Mr. Kieffer did not limit his breach allegation to the BIA's sustaining the removal. The Board was correct to

deny review of the Administrative Judge's finding that the notice of proposed removal started the clock for Mr. Kieffer to file his petition.

This court finds that the Board did not err in denying review of the determination that the nine-month delay between Mr. Kieffer's receiving the June 16, 2004 notice of proposed removal and filing a petition for enforcement was unreasonable. Mr. Kieffer was represented by counsel throughout the process. In fact, the same counsel represented Mr. Kieffer in his appeal, his petition for enforcement, and in his attempt to dissuade the BIA from taking final action. Although Mr. Kieffer informally attempted to dissuade the BIA from taking final action, the Board has consistently held that pursuit of an alternative resolution with an agency does not constitute good cause for an untimely filing. See Smith v. Department of Veterans Affairs, 101 M.S.P.R. 366, 371 (2006); Schrum v. Department of the Treasury, 42 M.S.P.R. 103, 107 (1989); Maples v. Defense Logistics Agency, 31 M.S.P.R. 667, 671 (1986); Shrider v. United States Postal Service, 26 M.S.P.R. 238, 240 (1985); Couvillion v. Department of the Army, 20 M.S.P.R. 163, 164 (1984); Wall v. Department of Health and Human Services, 10 M.S.P.R. 139, 140 (1982); Clark v. Department of the Navy, 3 M.S.P.R. 541, 543 (1980). This principle is equally valid in the context of delaying filing a petition for enforcement.

Second, the Administrative Judge concluded that the June 16, 2004 and September 14, 2004 notice letters provided the second alleged breach, because the notice letters informed Mr. Kieffer that the BIA had disclosed his personnel file to the U.S. Attorney's Office. This disclosure allegedly violated the

confidentiality provision in paragraph six of the settlement agreement because the personnel file allegedly contained documents related to Mr. Kieffer's appeal and to the settlement agreement. Again, in his petition for enforcement, Mr. Kieffer identified this disclosure as an alleged breach, stating the BIA "is in further breach . . . in that [it] communicated the contents of the decision letter with the U.S. Attorney's Office in direct contravention of paragraph number 6 of the settlement agreement." Yet, in his appellate brief, Mr. Kieffer offers no explanation for why this six- to nine-month delay was reasonable. This ground alone was sufficient for the Board to deny review of the Administrative Judge's finding that the delay was unreasonable.

Finally, Mr. Kieffer mischaracterizes this court's holding in Poett. In Poett, this court reasoned that "[t]he reasonable time requirement for filing a petition for enforcement is conceptually similar to the defense of laches. . . . In either case, unreasonable delay is needed." 360 F.3d at 1384 (citation omitted). This court did not hold in Poett that prejudice to the opposing party is a factor in the reasonableness inquiry.

**CONCLUSION**

<u>AFFIRMED</u>